UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PHILLIP BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:25-cv-575-DJH |
| | ) |
| JEFFERSON COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant Jefferson County Board of Education[1] (a/k/a Jefferson County Public Schools or "JCPS"; hereinafter "JCBE"), by counsel and for its Affirmative Defenses and Answer to the Complaint ("Complaint") filed by Plaintiff Phillip Brooks ("Plaintiff"), hereby states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of immunity.

### THIRD DEFENSE

Upon information and belief, some or all of Plaintiff's claims are barred for Plaintiff's failure to mitigate alleged losses.

### FOURTH DEFENSE

All actions of the Defendant were taken, made, and/or done in good faith for legitimate, non-discriminatory job-related reasons.

---

[1] Plaintiff's Complaint referred to Defendant as the "Board of Education of Jefferson County" or "BOE." However, Defendant is properly referred to herein as the "Jefferson County Board of Education" or "JCBE."

**FIFTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided by Defendant or to avoid harm otherwise.

**SIXTH DEFENSE**

Defendant neither discriminated nor retaliated against Plaintiff.

**SEVENTH DEFENSE**

Defendant maintained a policy prohibiting discrimination in the workplace and a procedure for resolving complaints of discrimination.

**EIGHTH DEFENSE**

With respect to Plaintiff's claims, Defendant gives notice that it may rely on the affirmative defenses described in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), and their progeny.

**NINTH DEFENSE**

Defendant asserts all affirmative defenses that the facts may establish are available under Rules 8 and 12 of the Federal Rules of Civil Procedure, as if such defenses were set forth verbatim herein.

**TENTH DEFENSE**

Defendants reserve the right to assert any additional affirmative defenses and matters in avoidance, which may be discovered during the course of additional investigation and discovery.

\*   \*   \*

In response to the specific allegation in Plaintiff's Complaint, Defendant states as follows:

## PARTIES, JURISDICTION, & VENUE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny them.

2. In response to the allegations in Paragraph 2 of the Complaint, Defendant states that the referenced statutes, regulations, and rules speak for themselves, and therefore no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or inapplicable to any referenced statute, regulation, or rule.

3. The allegations in Paragraph 3 of the Complaint set forth summary statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that, as established in Defendant's Notice of Removal, the United States District Court for the Western District of Kentucky has subject matter jurisdiction over this action.

4. The allegations in Paragraph 4 of the Complaint set forth summary statements and/or legal conclusions to which no response is required. Defendant admits that JCBE is an agency of the Commonwealth located in Jefferson County. To the extent Paragraph 4 sets forth factual allegations that must be admitted or denied, Defendant denies them.

## FACTS

5. Defendant admits the allegations set forth in Paragraphs 5, 6, and 7 of the Complaint.

6. The allegations in Paragraphs 8 and 9 of the Complaint set forth summary statements and/or legal conclusions. Defendant states that the referenced statutes, regulations, and rules speak for themselves, and therefore no response is required. To the extent Paragraphs 8 and 9 set forth factual allegations that must be admitted or denied, Defendant denies them.

7. Defendant admits the allegations set forth in Paragraphs 10 and 11 of the Complaint to the extent that Plaintiff alleged he injured his back at work and received care for the same from Concentra. To the extent Paragraphs 10 and 11 sets forth any other factual allegations or insinuations, Defendant denies them.

8. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

9. Defendant admits the allegations set forth in Paragraphs 13 and 14 of the Complaint to the extent that Plaintiff alleged he re-injured his back at work and again received care from Concentra. To the extent Paragraphs 13 and 14 set forth any other factual allegations or insinuations, Defendant denies them.

10. Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

11. Defendant denies the allegations and characterizations set forth in Paragraph 16 of the Complaint.

12. The allegations in Paragraphs 17, 18, and 19 of the Complaint set forth summary statements and/or legal conclusions to which no response is required. To the extent Paragraphs 17, 18, and 19 set forth factual allegations, characterizations, and insinuations, Defendant denies them.

13. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

14. The allegations in Paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 set forth summary statements and/or legal conclusions related to Plaintiff's alleged accommodation request. No response is required to these claims. Despite Plaintiff's failure to affirmatively seek an accommodation, Defendant actively engaged every step of the accommodation review process. To the extent these allegations suggest otherwise and attempt to set forth a legal duty and/or set forth characterizations or insinuations suggesting liability, Defendant denies all such allegations.

15. Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

17. In response to the allegations set forth in Paragraph 36 of the Complaint, Defendant states that the referenced letter speaks for itself, and therefore no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are incorrect and inconsistent with the text of the referenced letter.

18. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

19. In response to the allegations set forth in Paragraph 38 of the Complaint, Defendant states that the referenced letter speaks for itself, and therefore no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are incorrect and inconsistent with the text of the referenced letter.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 39 and 40 of the Complaint and therefore denies the same.

21. Defendant admits the allegations set forth in Paragraph 41 to the extent that the paperwork from Dr. Thomas provided that Plaintiff was cleared to return to work; however, the paperwork was deficient and did not establish that Plaintiff was FMLA eligible. Defendant denies all remaining allegations and insinuations set forth in Paragraph 41.

22. Defendant admits the allegations set forth in Paragraph 42. Plaintiff's submitted paperwork was insufficient to support a finding that Plaintiff was FMLA eligible.

23. Defendant admits the allegations set forth in Paragraph 43 of the Complaint to the extent the Plaintiff was terminated. Defendant denies all allegations and insinuations that suggest Plaintiff's termination was related to Plaintiff's efforts to receive leave under the FMLA. All evidence supports the fact that Plaintiff was not FMLA eligible and that Plaintiff's termination

was based upon his failure to return to work despite Defendant's clear communication that his attendance at work was required for his continued employment.

24. In response to the allegations set forth in Paragraphs 44 and 45 of the Complaint, Defendant states that the referenced disciplinary policy speaks for itself, and therefore no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are incorrect, inapplicable, or inconsistent with established JCBE policy.

25. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

26. In response to the allegations set forth in Paragraph 47 of the Complaint, Defendant states that the referenced disciplinary policy speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are incorrect, inapplicable, or inconsistent with established JCBE policy.

27. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

28. In response to the allegations set forth in Paragraph 49 of the Complaint, Defendant states that the referenced Disciplinary policy speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are incorrect, inapplicable, or inconsistent with established JCBE policy.

29. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

30. Defendant admits the allegations set forth in Paragraph 51 of the Complaint to the extent that Plaintiff was terminated. Defendant denies the allegations to the extent they attempt to insinuate some nonexistent malintent on the part of Defendant.

31. Defendant denies the allegations set forth in Paragraphs 52, 53, and 54 of the Complaint.

32. Defendant admits the allegations set forth in Paragraph 55 of the Complaint to the extent that Plaintiff was terminated. Defendant denies the allegations to the extent they attempt to insinuate some nonexistent malintent on the part of Defendant

33. Defendant denies the allegations set forth in Paragraphs 56, 57, 58, 59, and 60 of the Complaint.

34. Defendant admits the allegations set forth in Paragraph 61 of the Complaint to the extent that Plaintiff was terminated. Defendant denies the allegations to the extent they attempt to insinuate some nonexistent malintent on the part of Defendant.

35. Defendant denies the allegations set forth in Paragraphs 62, 63, and 64 of the Complaint.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF K.R.S. § 344.010 *et seq.*

36. In response to Paragraph 65 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

37. Defendant admits the allegations set forth in Paragraph 66 of the Complaint to the extent that JCBE terminated Plaintiff's employment in March of 2023. Defendant denies all remaining allegations set forth in Paragraph 66.

38. Defendant denies the allegations set forth in Paragraphs 67, 68, 69, 70, 71, 72, and 73 of the Complaint.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA, 42 U.S.C. § 12112

39. In response to Paragraph 74 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

7

40. Defendant admits the allegations set forth in Paragraph 75 of the Complaint to the extent JCBE terminated Plaintiff's employment in March of 2023. Defendant denies all remaining allegations set forth in Paragraph 75.

41. Defendant denies the allegations set forth in Paragraphs 76, 77, 78, 79, 80, 81, and 82 of the Complaint.

## COUNT III: FAILURE TO ACCOMMODATE IN VIOLATION OF K.R.S. § 344.010 *et seq.*

42. In response to Paragraph 83 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 82 of the Complaint as if fully set forth herein.

43. Defendant admits the allegations set forth in Paragraph 84 of the Complaint to the extent Defendant was aware of Plaintiff's injury. Defendant denies all other remaining allegations.

44. Defendant denies the allegations set forth in Paragraphs 85, 86, 87, 88, 89, 90, and 91 of the Complaint.

## COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA, 42 U.S.C. § 12112

45. In response to Paragraph 92 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 91 of the Complaint as if fully set forth herein.

46. Defendant admits the allegations set forth in Paragraph 93 of the Complaint to the extent Defendant was aware of Plaintiff's injury. Defendant denies all other remaining allegations.

47. Defendant denies the allegations set forth in Paragraphs 94, 95, 96, 97, 98, 99, and 100 of the Complaint.

## COUNT V: RETALIATION IN VIOLATION OF K.R.S. § 344.010 *et seq.*

48. In response to Paragraph 101 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 100 of the Complaint as if fully set forth herein.

49. Defendant denies the allegations set forth in Paragraphs 102, 103 104, 105 (which is blank), and 106 of the Complaint.

## COUNT VI: RETALIATION IN VIOLATION OF THE ADA, 42 U.S.C. § 12112

50. In response to Paragraph 107 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 106 of the Complaint as if fully set forth herein.

51. Defendant denies the allegations set forth in Paragraphs 108, 109, 110, and 111 of the Complaint.

## COUNT VII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

52. In response to Paragraph 112 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 111 of the Complaint as if fully set forth herein.

53. The allegations in Paragraph 113 of the Complaint set forth summary statements and/or legal conclusions to which no response is required. To the extent Paragraph 113 sets forth factual allegations, Defendant denies them.

54. Defendant denies the allegations set forth in Paragraphs 114, 115, 116, 117, and 118 of the Complaint.

**COUNT VIII: RETALIATION IN VIOLATION OF THE FMLA, 29 U.S.C. § 2615(a)(2)**

55. In response to Paragraph 119 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 118 of the Complaint as if fully set forth herein.

56. The allegations in Paragraphs 120 and 121 of the Complaint set forth summary statements and/or legal conclusions to which no response is required. To the extent these Paragraphs set forth factual allegations, Defendant denies them.

57. Defendant denies the allegations set forth in Paragraphs 122 and 123 of the Complaint.

**COUNT IX: WORKER'S COMPENSATION RETALIATION IN VIOLATION OF K.R.S. § 343.197**

58. In response to Paragraph 124 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 123 of the Complaint as if fully set forth herein.

59. Defendant admits the allegations set forth in Paragraph 125 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 126, 127, and 128 of the Complaint.

**DEMAND FOR RELIEF**

61. The allegations in the WHEREFORE paragraph of the Complaint set forth summary statements and/or legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations to the extent they imply that Defendant violated and/or acted inconsistently with its obligations under applicable law. Defendant further denies that Plaintiff is entitled to any of the relief sought.

62. All allegations not expressly admitted herein are hereby denied.

WHEREFORE, Defendant hereby respectfully demands as follows:

    A.    That Plaintiff's Complaint be dismissed with prejudice;

    B.    Judgment in its favor;

    C.    Its costs expended herein, including reasonable attorney fees; and

    D.    Any and all other relief to which it may be entitled.

Respectfully submitted,

/s/ *C. Tyson Gorman*
tgorman@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
P: (502) 589-5235
F: (502) 589-0309
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I electronically filed the foregoing document via the Court's CM/ECF system, which will send a true and correct copy of the same to all parties registered electronically:

Samuel T. Long
SPITZ, THE EMPLOYEE'S LAW FIRM
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244
Email: sam.long@spitzlawfirm.com

*Counsel for Plaintiff*

/s/ C. Tyson Gorman
C. Tyson Gorman
*Counsel for Defendant*

102107456.3